UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-12371 PA (MARx) | Date | January 9, 2026 |
|---|---|---|---|
| Title | Vivek Shah v. Russco57, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

The Court is in receipt of the First Amended Complaint ("FAC") filed by plaintiff Vivek Shah ("Plaintiff") against defendant Russco57, LLC ("Defendant"). (Docket No. 13.) Plaintiff filed the FAC after the Court issued an Order dismissing the Complaint with leave to amend for failure to allege the Court's subject matter jurisdiction. (Docket No. 12.)

As explained in the Court's prior Order, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

The FAC, like the Complaint, attempts to allege that the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. (FAC ¶ 5.) To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To properly allege the Court's diversity jurisdiction, a plaintiff must affirmatively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-12371 PA (MARx) | Date | January 9, 2026 |
|---|---|---|---|
| Title | Vivek Shah v. Russco57, LLC | | |

allege the actual citizenship of the relevant parties; a mere statement that the parties are citizens of different states is insufficient. See Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987); see also Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it the better practice that [diversity jurisdiction] allegations be supported by prima facie proof.").

Here, the FAC still fails to allege sufficient facts to support the Court's exercise of diversity jurisdiction over this action in that it does not identify Defendant's members or allege the citizenship of those members. (FAC ¶ 9 ("Defendant Russco57, LLC is citizen of the State of Oklahoma and an Oklahoma Limited Liability Company").) See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). Because Plaintiff fails to adequately allege Defendant's citizenship he has failed to meet his burden of establishing the Court's diversity jurisdiction. Rolling Greens, 374 F.3d at 1022-23.

Moreover, the FAC also still fails to allege that the amount in controversy is in excess of $75,000. Plaintiff alleges a single cause of action under the California Invasion of Privacy Act, Cal Penal Code § 631(a), and seeks a civil penalty of $5,000 for at least thirteen violations. (FAC ¶ 5.) Plaintiff provides no further information regarding the details of these alleged violations. Moreover, a total of thirteen violations would result in $65,000, and not $75,000, in civil penalties. This conclusory allegation thus fails to establish that the amount in controversy in this case exceeds $75,000.

The Court recognizes that a district court may grant leave to amend when it appears that subject matter jurisdiction might exist, but despite having provided Plaintiff with an opportunity to satisfactorily allege this Court's subject matter jurisdiction, Plaintiff is unable to sufficiently allege diversity of the parties or that the amount in controversy exceeds the jurisdictional minimum. Accordingly, the Court concludes that no further leave to amend is warranted. The Court dismisses Plaintiff's FAC without leave to amend, and dismisses the action for lack of subject matter jurisdiction without prejudice. Plaintiff may wish to consider filing this action in a state court of competent jurisdiction, since unlike the federal courts, the state courts are courts of general jurisdiction and Plaintiff need not establish the citizenship of the parties or another basis for a state court's subject matter jurisdiction. The Court will enter a Judgment of Dismissal consistent with this Order.

IT IS SO ORDERED.